Anna Y. Park, SBN 16424
Sue J. Noh, SBN 192134
Lorena Garcia-Bautista, SBN 234091
Nakkisa Akhavan, SBN 286260
UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA  90012
Telephone: (213) 894-1108
Facsimile: (213) 894-1301

Attorneys for Plaintiff
UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Thomas Petrides, SBN 117121
Vedder Price
1925 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (424) 204-7756
Facsimile: (424) 204-7702

Attorney for Defendant
VXI GLOBAL SOLUTIONS, INC.,
A/K/A VXI GLOBAL SOLUTIONS, LLC

JS-6

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>         Plaintiff,<br><br>    v.<br><br>VXI GLOBAL SOLUTIONS, INC. A/K/A VXI GLOBAL SOLUTIONS, LLC<br>      Defendants | No. 2:14--07444-JFW-RZ<br><br>**CONSENT DECREE**<br><br>Honorable John F. Walter<br>U.S. District Judge |

## I.    INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendant VXI Global Solutions, LLC previously VXI Global Solutions, Inc. (hereinafter "Defendant") hereby stipulate and agree to entry of this Consent Decree to resolve the Commission's Complaint, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The EEOC alleges Defendant engaged in unlawful employment practices by subjecting Charging Parties and other similarly situated individuals to a sexually hostile work environment and/or retaliation in violation of §§703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a), 2000e-3(a).

## II.    PURPOSES AND SCOPE OF THE CONSENT DECREE

A.    In the interest of resolving this matter, the Commission and Defendant (hereinafter "the Parties") have agreed that this action should be finally settled by entry of this Consent Decree ("Decree"). This Decree shall be binding on and enforceable against Defendant and its officers, directors, agents, successors and assigns. The scope of this Decree is company-wide unless otherwise noted. The Parties have entered into this Decree for the following purposes:

1.    To provide appropriate monetary and injunctive relief;

2.    To ensure that Defendant's employment practices comply with Title VII;

3.    To ensure a work environment free from sex harassment and retaliation;

4.    To ensure training for Defendant's managers, supervisors, human resource and other employees with respect to their obligations and rights under Title VII;

5.    To review and update Defendant's procedures for handling harassment and retaliation complaints;

6.    To provide an appropriate and effective mechanism for receiving and handling discrimination, harassment and retaliation complaints in the workplace; and

7.    To avoid the time, expense, and uncertainty of further litigation.

B.      This Decree is intended to resolve contested claims and it is not an adjudication or finding that Defendant has violated Title VII or that any employee has been subjected to sexual harassment or retaliation in violation of Title VII.  Defendant disputes and denies that it has engaged in any violations of Title VII and Defendant's agreement to enter into this Decree is to avoid the time and expense of protracted litigation.  Neither this Decree nor the payment of any money is or shall be construed as an admission by Defendant of any violation or liability for any of the claims alleged in the Complaint.

## III.   RELEASE OF CLAIMS

A.      The Parties agree that this Decree completely and finally resolves all claims made in the EEOC's Complaint filed in this action in the United States District Court, Central District of California on September 24, 2014, captioned *U.S. Equal Employment Opportunity Commission vs. VXI Global Solutions, Inc. a/k/a VXI Global Solutions, LLC, and DOES 1-10, Inclusive*; Case No. 2:14-cv-07444-JFW-RZ (hereafter "Action"), including with respect to the nine (9) identified Charging Parties (the "Charging Parties") and the other similarly situated individuals identified by the EEOC as claimants (the "Claimants") in this Action.

B.      Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendant fails to comply with the terms this Decree.

C.      Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.

D.      This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendant other than the claims brought in this Action.

## IV.   JURISDICTION

A.      The Court has jurisdiction over the parties and the subject matter of this Action. The Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.

B.      The terms and provisions of this Decree are fair, reasonable and just.

C.     This Decree conforms to the Federal Rules of Civil Procedure and Title VII and does not derogate the rights or privileges of any person.

D.     Entry of this Decree will further the objectives of Title VII and will be in the best interest of the Parties.

E.     The Court shall retain jurisdiction over this Action for the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to fully implement the relief provided herein.

## V.     EFFECTIVE DATE AND DURATION OF DECREE

A.     The provisions and agreements contained herein are effective immediately on the date which this Decree is entered by the Court ("Effective Date").

B.     Except as otherwise provided herein, this Decree shall remain in effect for four (4) years after the Effective Date.

C.     The Decree will otherwise expire on its own terms four years after the Effective Date, unless the EEOC motions the Court for an extension as provided in Section VI below and the Court grants the extension.

## VI.     COMPLIANCE AND DISPUTE RESOLUTION

A.     If the Commission has reason to believe that Defendant has in any way failed to comply with any provision of this Decree, the Commission may bring a motion before this Court to enforce the Decree.  Before filing such a motion, however, the Commission shall notify Defendant and its legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) with which the Commission believes Defendant has failed to comply and identify how it has failed to comply.  Absent a showing that the delay will cause irreparable harm, Defendant shall have thirty (30) days from the date of notice ("Dispute Resolution Period") to attempt to resolve or cure the alleged breach.

B.     The Parties agree to cooperate with each other and use their best efforts to resolve any dispute raised by the EEOC and to identify and address appropriate remedies, including meetings or discussions between the EEOC, Defendant, and the Equal Employment Opportunity

Consultant, if necessary.

C.     After the Dispute Resolution Period has passed with no resolution or agreement to extend the time further, the Commission may petition the Court for resolution of the dispute seeking all available relief, including an extension of the duration of the Decree.

## VII.    MODIFICATION AND SEVERABILITY

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters expressly contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each Party and approved by the Court.

B.     If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes.  If the Parties are unable to reach agreement, the Court shall order the appropriate alternative provisions necessary in the interests of justice and fairness to effectuate the purposes of the Decree.  Should one or more provisions of this Decree be deemed unlawful, all other provisions shall remain in full force and effect.

## VIII.   MONETARY RELIEF

A.     In settlement of this lawsuit, Defendant shall pay a total of $600,000.00 in monetary relief established in a Settlement Fund to which the EEOC shall have sole discretion as to the distribution.  Defendant shall pay $600,000.00 to the Settlement Fund within ten (10) days after the Effective Date, or by July 31, 2015, which ever date occurs later.

B.     Following Court approval of this Consent Decree, the monies in the Settlement Fund shall be distributed, at the sole discretion of the EEOC, amongst the nine (9) Charging Parties and the Claimants in this Action.  The EEOC shall provide Defendant with a Distribution List identifying each Charging Party and the Claimant's portion and amount of monetary relief, and the name and address to which each Charging Party and the Claimants' portion and amount of monetary relief shall be delivered.  Defendant shall send a check, via certified mail, to each Charging Party and Claimant in the amount specified within five (5) business days of the

5

Distribution List.

C.      If any of the checks are returned to Defendant as undeliverable, Defendant shall immediately notify the EEOC and cooperate with the EEOC to make sure the checks are reissued to the Charging Parties and/or the Claimants as soon as possible.

D.      The EEOC has designated the monies to be paid to the nine (9) Charging Parties and the Claimants as non-wage compensation under Title VII and no tax withholding shall be made.  Defendant shall prepare and distribute 1099 tax reporting forms to each Charging Party and Claimant and shall make appropriate reports to the Internal Revenue Service and other tax authorities.  Defendant shall be solely responsible for any costs associated with the issuance and distribution of a 1099 tax reporting form to the Charging Parties and Claimants.  The Charging Parties and the Claimants shall be solely responsible for taxes payable, if any, on their respective portion of the settlement proceeds.  Neither the EEOC nor Defendants make any representation to the Charging Parties and the Claimants, or assume any responsibility for any tax liability, assessments, interest, penalties, and/or costs that the Charging Parties and the Claimants may incur on such payments under local, state and/or federal law.

E.      Within five (5) business days of the issuance of each settlement check and any 1099 form, Defendant shall provide a copy of each check and related correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

F.      To the extent for any reason any portion of the Settlement Fund cannot be distributed, then any undistributed portion of the Settlement Fund may be retained by Defendant for the purposes of providing additional training or used for additional efforts towards compliance of this Decree.

## IX.    CLAIMANT SPECIFIC INJUNCTIVE RELIEF

Within thirty (30) days of the Effective Date of this Decree, Defendant shall:

A.      remove from the personnel files of each Charging Party and/or Claimant any references to the charges of harassment or discrimination filed against Defendant or the Charging

Party and/or Claimant's participation in this Action;

B.      to the extent that Defendant maintains records of the charges of harassment or discrimination, or any Charging Party or Claimant's involvement in the Action, such records must be maintained separately from the Charging Party and/or Claimants' personnel files;

C.      provide a neutral employment reference, which is limited to verifying whether the Charging Party or Claimant was employed by Defendant, the last position in which the Charging Party or Claimant was employed, the duration of employment with Defendant, and confirmation of salary or wages if requested; and

D.      to the extent that a Charging Party and/or Claimant continues to work for Defendant, take reasonable steps to ensure that the Charging Party and/or the Claimant does not suffer discrimination, harassment, or retaliation.

## X.    GENERAL INJUNCTIVE RELIEF

A.    <u>Non-Discrimination and Non-Retaliation</u>

1.    *Non-Discrimination (Harassment)*

Defendant, its directors, officers, agents, management (including all supervisory employees), successors, assigns, and all those acting in concert or participation with them, or any of them, shall be enjoined during the duration of the Decree from:

(a)    discriminating against any employee in violation of Title VII on the basis of sex, including sexual harassment;

(b)    engaging in or being a party to any action, policy or practice that is intended or is known to them to have the effect of discriminating against any employee in violation of Title VII on the basis of sex, including sexual harassment; or

(c)    creating, facilitating, or permitting a hostile work environment in violation of Title VII on the basis of sex.

2.    *Non-Retaliation*

Defendant, its directors, officers, agents, management (including all supervisory employees), successors, assigns, and all those acting in concert or participation with them, or any

7

CONSENT DECREE

of them, shall be enjoined from engaging in, implementing, or permitting any action, policy or practice that constitutes retaliation in violation of Title VII against any current or former employee or applicant because he or she has in the past or during the term of this Decree:

    (1)    opposed any practice that he or she believed to be discriminatory, harassing or retaliatory in violation of Title VII;

    (2)    filed a charge with the EEOC alleging such a practice;

    (3)    testified or participated in any manner in any investigation (including any internal investigation undertaken by Defendant), any proceeding in connection with this Action, and/or relating to any claim of a Title VII violation;

    (4)    was identified as a possible witness or claimant in this Action;

    (5)    asserted any rights under this Decree; or

    (6)    sought and/or received any relief in accordance with this Decree.

**B.**    <u>Posting</u>

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Defendant shall post a notice (attached as "Exhibit A") of the terms of this Decree in a clearly visible location frequented by its employees at Defendant's Los Angeles facility. The postings shall remain posted for the duration of this Decree.

**C.**    <u>Equal Employment Opportunity Consultant</u>

Within thirty (30) days after the Effective Date, Defendant shall retain an Equal Employment Opportunity Consultant ("Consultant") mutually acceptable to the Parties to monitor Defendant's compliance with Title VII and this Decree. The Consultant shall have demonstrated experience in the area of employment discrimination and sexual harassment issues. Defendant is to choose a Consultant from the list of suggested Consultant candidates acceptable to the EEOC as previously provided to Defendant by the Commission. If the parties cannot agree to a Consultant, the parties will be required to file a motion for the magistrate judge to select the Consultant. Defendant shall bear all costs associated with the selection and retention of the Consultant and the performance of the Consultant's duties. For the term of the Decree, the

Consultant's responsibilities shall include:

1.     Ensuring that Defendant's policies and procedures, including its complaint procedures relating to harassment, discrimination and retaliation, fully comply with Title VII and all requirements set forth in this Decree;

2.     Ensuring that all employees, including management, supervisory, and human resources employees, are trained regarding their rights and responsibilities under Title VII and this Decree, including the responsibility to provide a workplace free of sexual harassment and retaliation;

3.     Ensuring that all employees, including management, supervisory, and human resources employees, are trained on Defendant's applicable policies and procedures relating to sexual harassment and retaliation, including Defendant's internal complaint procedures;

4.     Ensuring all applicable human resource employees have the skill level to effectuate the requirements of Title VII and of the Decree.

5.     Monitoring investigations of any complaint of sexual harassment or retaliation made to Defendant during the term of this Decree to ensure compliance with Title VII and this Decree, and ensuring that Defendant properly communicates with complainants as required by this Decree;

6.     Ensuring that Defendant creates a centralized system of tracking sexual harassment and retaliation complaints, as required by this Decree;

7.     Review complaints of sexual harassment or retaliation made to Defendant's toll-free complaint hotline to ensure that Defendant is acting appropriately in following through with complaints of sexual harassment and/or retaliation.

8.     Ensuring that Defendant's performance and discipline policies hold employees and managers accountable for, as applicable, failing to take appropriate action regarding complaints of discrimination, harassment or retaliation, or for engaging in conduct prohibited under Title VII or this Decree;

9.     Conducting surveys as described below in Section X.D.;

9

CONSENT DECREE

10.     Ensuring that Defendant accurately compiles and timely submits all reports required by this Decree;

11.     Monitoring the Charging Parties and/or the Claimants who participated in this lawsuit and who continue to be employed by Defendant to ensure that they have not been subjected to any retaliation and/or harassment.  The Consultant shall contact these individuals every six (6) months;

12.     Ensuring that Defendant's Human Resources has an open door policy, and is easily accessible to the employees; and

13.     Ensuring Defendant's full compliance with the spirit and terms of this Decree.

D.      EEO Compliance Surveys

1.      The Consultant shall prepare a survey to be distributed to a random sampling of employees located at Defendant's Texas and Ohio locations (approximately 10%) and California/Los Angeles location (approximately 5%) or as otherwise determined necessary by the Consultant. The survey shall be distributed after the final policies and complaint procedures (as decribed below) are distributed to the employees and after the initial training at those locations to ensure that the policies and procedures have been received by the employees and to ensure compliance with the anti-harassment and anti-retaliation policies and procedures unless the Consultant deems appropriate another time frame. The survey shall instruct the employees to return their responses directly to the Consultant in a pre-addressed stamped envelope to be provided with the survey.  The Consultant will work with Defendant's legal counsel to help develop and prepare the survey.

2.      Any survey responses that identify recent sexual harassment or retaliation issues shall be promptly investigated by Defendant upon notification by the Consultant, and will require prompt and effective remedial action.

3.      To the extent the survey identifies any particular area or location where there are multiple problems of sexual harassment and/or retaliation reported, the Consultant may identify that Defendant provide additional training and/or determine to issue additional surveys at that

location.

4.      The results of the survey shall be evaluated by the Consultant and a summary of the results shall be submitted to the EEOC by the Consultant as part of the report as set forth below.

E.      <u>Policies Concerning Discrimination, Harassment and Retaliation</u>

1.      Within sixty (60) days after the Effective Date, Defendant shall review and as necessary revise its policies and procedures on discrimination, harassment and retaliation ("final policy") as described below.

2.      The final policy shall include:

(a)      a clear explanation of prohibited conduct in violation of Title VII, including on the basis of sex, including examples;

(b)      a complete copy of the final internal complaint procedure decribed below in sub-section F.

3.      The final policy shall also include assurance that Defendant shall:

(a)      hold all employees, including management, supervisory, lead and human resources employees, accountable for engaging in conduct prohibited under Title VII or this Decree; and

(b)      hold all management, supervisory, and human resources employees accountable for failing to take appropriate corrective action to prevent discrimination, harassment, or retaliation under Title VII or this Decree.

F.      <u>Complaint Procedure</u>

1.      Within sixty (60) days after the Effective Date, Defendant shall review and as necessary revise its complaint procedure as described below.

2.      The internal complaint procedure shall clearly state that:

(a)      any employee who believes that he or she has suffered discrimination, harassment or retaliation may file an internal complaint using Defendant's internal complaint procedure, or may file an external complaint to any appropriate agency, or both;

(b)     employees may initiate an internal complaint verbally or in writing to any appropriate person, and that no special form is required to initiate the complaint;

(c)     Defendant shall not tolerate retaliation against any employee for use of the internal complaint procedure or any external complaint procedure, for assisting in the investigation of a complaint or for otherwise assisting in a complaint;

(d)     the internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment or retaliation under any available municipal, state, or federal law, and will provide contact information for EEOC and applicable state Fair Employment Practice (FEP) agencies; and

(e)     if an allegation of discrimination, harassment or retaliation against any employee is substantiated, then such conduct will result in appropriate discipline, up to and including discharge.

3.     The internal complaint procedure shall ensure that Defendant will:

(a)     maintain the confidentiality of the complaint, complainant and the investigation to the extent reasonably practicable and consistent with Defendant's obligation to investigate the complaint;

(b)     take reasonable steps to promptly resolve complaints;

(c)     promptly commence a thorough investigation that shall be conducted by a person trained to conduct such investigations who is not accused of misconduct in the complaint;

(d)     interview the relevant witnesses, including the complainant, and review all relevant documents (the investigation may include a request that the relevant witnesses, including the complainant, either provide a written statement to the investigator or review and acknowledge a written statement prepared by the investigator;

(e)     communicate with the complainant in writing regarding the results of the investigation and any remedial action taken; and

(f)     track investigations and maintain written records of the findings or conclusions of the investigation and any remedial actions taken;

4.      The internal complaint procedure shall also provide an appeal procedure to an appropriate Defendant representative, should the complainant be dissatisfied with the results of an internal investigation.

5.      The internal complaint procedure shall NOT require that the complainant:

(a)      confront his or her harasser;

(b)      file an internal complaint instead of an external complaint; or

(c)      initiate the complaint process only by submitting a written complaint.

6.      Defendant shall confidentially follow-up with every complainant after the investigation as reasonable under the circumstances to inquire whether the complainant believes that he or she has been further harassed and/or retaliated against, and, if necessary, Defendant shall investigate any allegations of retaliation.  Defendant shall track the information obtained during the follow-up inquiries pursuant to the Record-keeping and Reporting requirements in this Decree.

7.      Defendant shall establish and/or maintain a toll-free complaint hotline ("Hotline") and disseminate the information regarding the Hotline to all of Defendant's employees. Defendant shall inform all employees that a complaint can be lodged at any time with the toll-free complaint Hotline. All complaints of sexual harassment or retaliation to the Hotline shall be tracked by Defendant during the term of the Decree, and the Consultant shall have access to all such tracking records or call logs.  Defendant shall also publicize the EEOC's general toll-free number of (800) 669-4000.  The Consultant shall review complaints of sexual harassment or retaliation made to Defendant's toll-free complaint hotline to ensure that Defendant is acting appropriately in following through with complaints of sexual harassment and/or retaliation.

8.      Defendant's Human Resources shall have an open door policy, and shall be easily accessible to the employees.  Human Resources' represenatives shall be available to receive complaints from the employees during normal business working hours with or without appointments.

9.      Defendant shall provide the Consultant with the tracking records of all complaints

of sexual harassment and retaliation filed under the revised internal complaint procedures and the Consultant will retain records regarding such investigations and resolution of all such complaints, including but not limited to those complaints made through the Hotline.  The Consultant shall also ensure that Defendant publicizes the revised internal complaint procedures, including the Hotline, and shall monitor Defendant's investigation and resolution of any complaints of sexual harassment and retaliation made to Defendant.

G.      Finalizing and Distribution of Final Policy and Complaint Procedure

1.      Within seventy-five (75) days after the Effective Date, Defendant shall provide the Commission with a copy of the above described final policies, including the revised internal complaint procedure decribed above in sub-section F.

5.      Upon receipt, the EEOC shall have thirty (30) days to review and/or comment on the the revised policies, including the revised internal complaint procedures decribed above in sub-section F.

6.      If the EEOC does not provide comment within thirty (30) days of receiving the revised policies, Defendant shall distribute the final policies, including the revised internal complaint procedure decribed above in sub-section F, companywide to all employees, including management, supervisory, and human resources employees.  Defendant shall have each employee who receives a copy of the final policies sign a form acknowledging reciept, which may include receipt via electronic acknowledgment.

7.      Throughout the term of this Decree, Defendant shall post the final policies, including the revised internal complaint procedures decribed above in sub-section F, companywide in a clearly visible location frequented by employees.

H.      Training

1.      All non-management employees shall be required to attend a live training program, which may include a live video conference with an interactive component, regarding discrimination, harassment, and retaliation.  The training under this section shall include review of every employee's rights and responsibilities under Title VII, especially with respect to sexual

harassment, and Defendant's final policies and procedures for reporting and handling complaints of harassment, discrimination, and retaliation.  Examples shall be given of the prohibited conduct to ensure understanding by the employees.  All trainings shall be designed for an appropriate duration to effectively teach adult learners and shall include time for questions and answers.

2.     The non-management employees training stated in subsection H.1. shall be companywide in California/Los Angels, Ohio, and Texas, and shall be mandatory and shall occur once every eighteen (18) months for the term of this Decree for non-management employees. The first training session in California/Los Angeles shall be conducted with the assistance of the Consultant and shall occur within ten (10) business days after EEOC's comments on the training curriculum, as described in sub-section 10 below, or after ninety (90) days from the Effective Date, whichever is later, and shall be scheduled as reasonably practicable to complete the required training for all employees.  Any employee who fails to attend a scheduled training session shall be trained within (30) days of the live training set forth above, by showing the employee a videotape of the training session or attending a different training session.  The Consultant shall monitor at least one of the training sessions in Ohio and monitor at least one of the training sessions in Texas via video conference in order to ensure compliance with the training. If additional monitoring is needed, the Consultant shall inform the Defendant.

3.     Every managerial and supervisory employee shall be required to attend a Management Training consisting of a live training program, which may include a live video conference with an interactive component, regarding discrimination, harassment, and retaliation. The Management Trainings shall be mandatory, and of at least two hours duration once every two (2) years for the term of this Decree.  The Management Trainings shall be conducted companywide in California/Los Angeles, Ohio, and Texas. The first Management Training session in California/Los Angeles shall be conducted with the assitance of the Consultant and shall occur within ten (10) business days after EEOC's comments on the training curriculum, as described in sub-section 10 below, or after ninety (90) days from the Effective Date, whichever is later, and shall be scheduled as reasonably practicable to complete the required Management

Training for all such employees.  Any management employee who fails to attend any scheduled Management Training shall be trained within (30) days of the live Management Training set forth above.  The Consultant shall monitor at least one of the training sessions in Ohio and monitor at least one of the training sessions in Texas via video conference in order to ensure compliance with the training. If additional monitoring is needed, the Consultant shall inform the Defendant.

4.      The Management Training stated in subsection H.3. shall include training on how to properly handle and investigate complaints of discrimination, harassment and retaliation in a fair and neutral manner; how to take preventive and corrective measures against discrimination, harassment, and retaliation; and how to recognize and stop discrimination, harassment, and retaliation.

5.      All Human Resouces employees shall receive advanced Human Resources training  ("HR Training") on investigating complaints of discrimination, harassment, and retaliation; how to take preventative and corrective measures against discrimination, harassment, and retaliation; and how to recognize and stop harassment, discrimination, and retaliation.  This HR Training shall be companywide in California/Los Angeles, Ohio, and Texas and shall be provided by the Consultant and/or through an outside provider approved by the EEOC. This HR training shall occur once every year for the term of this Decree and may be conducted live and/or via video conference with an interactive component.

6.      Within five (5) days of the date of hire, for the remainder of the term of this Decree, every new employee, including non-manageral, managerial, supervisory, lead, and human resources employees, shall receive the Defendant's policies and procedures on discrimination, harassment and retaliation, including the internal complaint procedures, which shall be explained to the new hire employee by a Human Resources employee.

7.      Within six (6) months of the date of promotion, for the remainder of the term of this Decree, every employee promoted from a staff position to a managerial, supervisory or human resources position shall receive the above described Management or HR Training.

CONSENT DECREE

8.      Any employee required to attend any training under this Decree shall verify in writing his or her attendance at each training.

9.      Within sixty (60) days after the Effective Date, Defendant shall submit to EEOC a description of the trainings to be provided and an outline of the curriculum developed for the trainees.

10.     Upon receipt, the EEOC may provide comment within thirty (30) days regarding any any necessary revisions to the training.

## XI.    RECORD-KEEPING

Defendant shall establish with the assistance of the Consultant a record-keeping procedure that provides for the centralized tracking of discrimination, harassment and retaliation complaints and the monitoring of such complaints to prevent retaliation.  The records to be maintained shall include:

A.      all applicable documents generated in connection with any such complaint, including documents relating to all investigations or resolutions of any such complaints and the identities of all witnesses identified by the complaint and/or through Defendant's investigation;

B.      all forms acknowledging employees' receipt of Defendant's revised anti-discrimination, anti-harassment and anti-retaliation policy;

C.      all documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

D.      all documents generated in connection with the monitoring, counseling and disciplining of employees whom Defendant determined to have engaged in behavior that may be discriminatory, harassing and/or retaliatory under Title VII; and

E.      all documents generated in connection with Defendant's follow-up inquiries into whether any complaint believes he or she has been further harassed and/or retaliated against.

Defendant shall make the aforementioned records available to the EEOC within ten (10) business days following a written request by the EEOC.

**XII.    REPORTING**

In addition to the notice and reporting requirements above, Defendant shall provide, the following reports to the EEOC in writing, by mail or e-mail:

A.    Within ninety (90) days after the Effective Date, Defendant shall submit to EEOC an initial report containing:

1.    a copy of the final anti-discrimination, anti-harassment and anti-retaliation policies, including the final complaint procedures;

2.    a summary of the procedures and record-keeping methods developed with the Consultant for centralized tracking of discrimination, harassment and retaliation complaints and the monitoring of such complaints;

3.    a statement confirming that the required Notice pertaining to this Decree and the final revised anti-discrimination, anti-harassment and anti-retaliation policy have been posted;

4.    a statement confirming that Defendant has complied with Section IX. "Claimant Specific Injunctive Relief;" and

5.    confirmation from the Consultant that Defendant is in compliance with the Decree based on Consultant's knowledge from the work performed by Consultant as of the time of the report, including a report on the summary of results from the survey(s).

B.    Defendant shall also provide the following reports semi-annually throughout the term of this Decree:

1.    a statement confirming the specific training completed to date;

2.    an attendance list for all training sessions required under this Decree that took place during the previous six months;

3.    a description of all sexual harassment and retaliation complaints made, investigated or resolved in the previous six-months, including the names of the complainants; the nature of the complaint; the names of the alleged perpetrators of sexual harassment or retaliation; the dates of the alleged harassment or retaliation; a brief summary of how each complaint was

18

resolved; and the identity of each of Defendant employee(s) who investigated or resolved each complaint;

        4.     an analysis of the monitoring done when more than one complaint is filed by or against a particular employee, as well as any investigation or resolution; and

    C.     A report detailing any planned changes to the policies, procedures or record-keeping methods for complaints, at least thirty (30) days prior to implementing such changes.

    D.     A report on the summary of results from the survey(s) shall be made within 30 days of the completion of the survey(s).

## XIII.   COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree.

## XIV.   COSTS AND ATTORNEYS' FEES

Each Party shall bear its own costs of suit and attorneys' fees.

## XV.   MISCELLANEOUS PROVISIONS

    A.     During the term of this Decree, Defendant shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

    B.     During the term of this Decree, Defendant and its successors shall ensure that each of its directors, officers, human resource personnel, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

    C.     Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

D.      The parties agree to entry of this Decree and judgment subject to final approval by the Court.

## XVI.  COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts.  A facsimile signature shall have the same force and effect of an original signature or copy thereof.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: _____, 2015          By:   _____
                                      Anna Y. Park, Regional Attorney
                                      Attorneys for Plaintiff EEOC


                                      Vedder Price


Dated: _____, 2015          By:   _____
                                      Thomas Petrides, SBN 117121
                                      Attorney for VXI Global Solutions, Inc. a/k/a VXI
                                      Global Solutions, LLC


Dated: _____, 2015          By:   _____
                                      Eva Wang, Chief Executive Officer
                                      VXI Global Solutions, LLC
                                       previously VXI Global Solutions, Inc.

CONSENT DECREE

**ORDER**

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.  The Court hereby retains jurisdiction over this Consent Decree until its termination pursuant to its terms.

IT IS SO ORDERED.


Date:  September 11, 2015                    _____

                                            The Honorable John F. Walter
                                            United States District Court Judge